### Ex parte KROUCH et al.

No. 8818—Opinion Filed Jan. 30, 1917.

(162 Pac. 1084.)

(Syllabus by the Court.)

**1. Jury—Contempt Proceedings—Statute.**

In an action for indirect contempt, contemnors are entitled, upon demand, under section 2279, Rev. Laws 1910, to a trial by jury.

**2. Constitutional Law—Due Process of Law —Contempt—Opportunity to be Heard.**

Under section 25 of the Bill of Rights, providing, "In no case shall a penalty or punishment be imposed for contempt, until an opportunity to be heard is given," an opportunity to be heard before a penalty or punishment is imposed for contempt is an indispensable essential to the administration of due process of law as contemplated by the constitutional inhibition that, "No person shall be deprived of life, liberty, or property, without due process of law." Section 7, Bill of Rights.

Original application for writ of habeas corpus by J. Krouch and another, members of the Board of County Commissioners of Pottawatomie County, against the Sheriff of that county. Writ granted.

Roscoe C. Arrington and Park Wyatt, for plaintiffs.

Lydick & Eggerman and Stanard, Wahl & Ennis, for respondent.

PER CURIAM. This is an original proceeding in this court for writ of habeas corpus, brought by J. Krouch and E. T. Laster, members of the board of county commissioners of Pottawatomie county, who allege that they are unlawfully restrained of their liberty by the sheriff of said county.

The facts out of which this proceeding grows are substantially as follows:

On February 28, 1916, the state of Oklahoma, on relation of Geo. McDonald and other citizen taxpayers of Pottawatomie county, filed their petition against the board of county commissioners of said county and J. Krouch and E. T. Laster and J. T. Davis, members of said board, praying that a peremptory writ of mandamus issue, requiring said board to proceed to divide said county into three commissioner's districts, compact in form and equal in population as possible. The writ was issued as prayed, and defendants required to redistrict the county at their meeting on March 6, 1916, and to return the original writ into court on March 7th, showing that they had complied with the order. Said writ was duly served. On March 7, 1916, they filed their answer to said petition for alternative writ, alleging that the court was without jurisdiction to issue the writ, etc., and refused to obey the order of court requiring them to redistrict the county, and passed a resolution to that effect, over the objection of said J. T. Davis, a member of said board. Thereafter, upon motion of plaintiffs, said answer was stricken from the files. Thereafter, on the 10th day of April, 1916, plaintiffs filed their accusation charging contempt of court by Krouch and Laster, members of said board, in that they refused

to redistrict the county as required by the order of court. On April 14th said court ordered that Krouch and Laster appear at 1:30 in the district court room on the 1st day of May at Tecumseh to then and there show cause, if any they had, why they should not be proceeded against and punished for contempt in disobeying the order of court theretofore made, requiring them to redistrict the county. The sheriff was ordered to serve certified copies of this order on said Krouch and Laster and make due return thereof on or before April 20, 1916, which was done. On April 29th, Krouch and Laster filed their answer, showing cause why they should not be adjudged guilty of contempt. They alleged that they were not served with summons in the mandamus case brought by plaintiffs against them, and that said peremptory writ was issued without giving either of them an opportunity to be heard; that they should not be adjudged in contempt of court for the reason they had not redistricted said county because of the fact that they could not agree on redistricting same other than it was districted; that plaintiffs had no legal capacity to bring this action, in that it was not brought by the county attorney or the Attorney General of the state, etc. On May 1, 1916, defendants filed in said court a plea of "not guilty" and demand for a jury trial. On December 18th plaintiffs filed a motion for judgment on the pleadings, adjudging defendants Krouch and Laster in contempt of said court. On the same day the court entered the following judgment:

"It is further considered, ordered, decreed and adjudged by the court that the record in this case and the pleadings filed herein affirmatively show that the defendants J. Krouch and F. T. Laster and each of them have failed to do and perform or attempt to do and perform such things required of them and each of them in the said writ above set out, and that the said J. Krouch and F. T. Laster are guilty of contempt of this court, and that the said J. Krouch and F. T. Laster and each of them ought to be fined in the sum of $5 cash, and made to pay all the costs of this action; in default of payment of costs that they be confined in the county jail for a period of one day for each dollar thereof remaining unpaid, and that the said J. Krouch and the said F. T. Laster ought to be confined in the county jail of Pottawatomie county, state of Oklahoma. until they do comply with the terms and conditions of such peremptory writ of mandamus above referred to.

"It is therefore considered, ordered and decreed that the said J. Krouch and F. T. Laster, and each of them, are guilty of contempt of court as charged herein, and found above, and the said J. Krouch and F. T. Laster are hereby fined in the sum of $5. each and the costs of this action, and they and each of them shall stand committed to the county jail of Pottawatomie county, state of Oklahoma, until such fine and costs are paid

"And it is further considered, ordered, adjudged and decreed by the court that the said J. Krouch and F. T. Laster and each of them shall stand committed to the county jail of Pottawatomie county, state of Oklahoma, until they and each of them do the things required of them by the said peremptory writ of mandamus as above set out herein.

"It is further considered, ordered and adjudged that execution be not stayed herein, but that execution issue forthwith, and that the court clerk forthwith issue execution and order of commitment in conformity with this judgment. The clerk shall deliver forthwith unto the sheriff of Pottawatomie county, Oklahoma, two certified copies of this judgment, and upon receipt of same the said sheriff shall forthwith enforce this judgment by the imprisonment of the said J. Krouch and F. T. Laster as herein ordered.

"To all of which the defendants and each of them except and exceptions allowed by the court."

On December 19th Krouch and Laster filed their petition in this court for writ of habeas corpus, alleging that they were unlawfully restrained of their liberty by the sheriff of Pottawatomie county under commitment issued out of the district court of Pottawatomie county as above set forth; that said restraint is unlawful and illegal in this, to wit: That petitioners were cited and directed to appear by the court on the 1st day of May, 1916, at the hour of 1:30 in the above cause, to show cause why they should not be adjudged guilty of contempt of said court; that they appeared and filed their answer, and also filed a written plea of "not guilty" and demand for a jury trial; that when said cause came on for trial, they were denied the right of trial by jury or the right to be heard, etc. On December 26th a hearing upon said petition for writ of habeas corpus was had and the sheriff of said county was directed to release petitioners, Krouch and Laster, upon the execution by them of bonds in the sum of $200 each, to be approved by the clerk of the district court of said county. Service of said writ has been duly made and petitioners released.

The principal contentions urged by petitioners why they should be released are: (1) That they were entitled to a trial by jury, which was denied them; (2) that said court was without authority to adjudge them guilty of contempt without giving them an opportunity to be heard. Both of these contentions must be sustained.

Of the first contention suffice it to say that the contempt committed in this case

was an indirect contempt, since it was committed by the disobedience of an order of the court lawfully issued (section 2277, Rev. Laws 1910), and petitioners were entitled to a trial by jury as provided by section 2279, Rev. Laws 1910, which reads:

"In all cases of indirect contempt the party charged with contempt shall be notified in writing of the accusation and have a reasonable time for defense; and the party so charged shall, upon demand, have a trial by jury."

Petitioners were also denied the right to be heard. This is an indispensable essential to the right to punish for contempt. Article 2, sec. 25, Const., provides:

"In no case shall a penalty or punishment be imposed for contempt, until an opportunity to be heard is given."

This provision of the Constitution was construed and applied in the case of Ex parte Sullivan, 10 Okla. Cr. 465, 138 Pac. 815, Ann. Cas. 1916A, 719, wherein it was held:

"Under that clause of section 25 of the Bill of Rights, providing, 'In no case shall a penalty or punishment be imposed for contempt, until an opportunity to be heard is given,' an opportunity to be heard before a penalty or punishment is imposed for contempt is an indispensable essential to the administration of due process of law as contemplated by the constitutional inhibition that, 'No person shall be deprived of life, liberty, or property, without due process of law.' Section 7, Bill of Rights."

It therefore clearly appears that petitioners are unlawfully restrained of their liberty without due process of law; for which reason the judgment of contempt is reversed, set aside, and held for naught, and petitioners ordered discharged.

All the Justices concur.