### WOOD v. WOOD.

No. 9268—Opinion Filed July 23, 1918.

(174 Pac. 269.)

**Jury—Refusal to Pay Alimony—Contempt.**

The disobedience of an order of the district court to pay alimony in a divorce suit being an indirect contempt of court, the party charged with such contempt is entitled to demand a trial by jury, and the refusal of the trial court to grant a party charged with such contempt a jury trial, when demanded, constitutes reversible error.

(Syllabus by Rummons, C.)

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by Sam G. Wood against Etta Wood. From an order of the district court, committing the plaintiff to the county jail until he complies with an order of the district court for payment of alimony, plaintiff brings error. Reversed and remanded.

Sigler & Howard, for plaintiff in error.

Opinion by RUMMONS, C. The plaintiff in error sued the defendant in error in the district court of Carter county for a divorce. The cause was tried and judgment rendered, granting a divorce to the defendant in error, and ordering the plaintiff in error to pay $20 a month alimony to the defendant in error. Plaintiff in error made the payments for some months and then defaulted. Thereupon the defendant in error caused him to be cited to show cause why he should not be punished for contempt of court for failure to comply with said order. The plaintiff in error appeared and filed his answer, showing cause why he

should not be punished for contempt. The matter then came on to be heard, and the plaintiff in error demanded a trial by jury, which demand was by the court denied; the plaintiff in error excepting. The court then heard the evidence, and adjudged plaintiff in error guilty of contempt in failing to obey the order to pay alimony, and committed him to the county jail until the payment of the arrears of alimony, together with the costs of the proceeding. His motion for a new trial having been overruled, plaintiff in error prosecutes this proceeding in error to reverse the judgment of the trial court.

The only question necessary to be considered in determining this case is the refusal of the trial court to give plaintiff in error a trial by jury. Section 25, art. 2, of the Constitution, provides as follows:

"The Legislature shall pass laws defining contempts and regulating the proceedings and punishment in matters of contempt: Provided, that any person accused of violating or disobeying, when not in the presence or hearing of the court, or judge sitting as such, any order of injunction, or restraint, made or entered by any court or judge of the state shall, before penalty or punishment is imposed, be entitled to a trial by jury as to the guilt or innocence of the accused. In no case shall a penalty or punishment be imposed for contempt, until an opportunity to be heard is given."

Section 2279, Rev. Laws 1910, provides:

"In all cases of indirect contempt the party charged with contempt shall be notified in writing of the accusation and have a reasonable time for defense; and the party so charged shall, upon demand, have a trial by jury."

In the case of Wells v. Wells, 46 Okla. 88, 148 Pac. 725, the court holds:

"The disobedience of an order of the trial court to pay alimony and counsel fees in a divorce suit is an indirect, as distinguished from a direct contempt."

It having been settled that the contempt of court with which plaintiff in error was charged was an indirect contempt, section 2279, Rev. Laws 1910, supra, is mandatory. Ex parte Krouch, 63 Okla. 105, 162 Pac. 1084; Farmers' State Bank v. State, 13 Okla. Cr. 283, 164 Pac. 132, L. R. A. 1917E, 551. The trial court therefore erred in refusing the demand of the plaintiff in error for a jury trial.

The judgment of the trial court should be reversed, and this cause remanded for a new trial.

By the Court: It is so ordered.