## *Ex parte* M. NICHOLS.

No. A-2720.   Opinion Filed June 14, 1919.

(181 Pac. 518.)

CONTEMPT—"Indirect Contempt"—Procedure.   Any willful disobedi-
ence of any process or order lawfully issued or made by any court
in this state, not committed in the immediate view and presence
of the court, is an indirect contempt of court.   In such cases, the
contemnor must be proceeded against by written accusation, and
upon demand shall be granted a trial by jury.

*Appeal from District Court, Wagoner County;*
*R. P. de Graffenreid, Judge.*

Bob Wagner, Sheriff of Wagoner County, Oklahoma,
was found guilty of direct contempt of court by willfully
disobeying the court's order to produce the body of one M.
Nichols before the court, in compliance with a writ of
*habeas corpus* obtained by Nichols, and sentenced to pay a
fine of $150, and he appeals.   Judgment reversed and re-
spondent discharged.

*Robert F. Blair,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., and *J. Berry King (J.
S. Dickey, Jr.,* of counsel), for defendant in error.

PER CURIAM.   Bob Wagner, sheriff of Wagoner
county, Okla., was fined $150 for direct contempt of the
district court of Wagoner county, consisting in his willful
disobedience of an order of said court to produce the body
of one M. Nichols before said court on a certain date, in
compliance with a writ of *habeas corpus* issued by the clerk
of said court, by direction of the judge of said court given
over the telephone, but after said judge had been informed
of the nature of the application and the contents thereof, by
hearing the petition read to him over the telephone, and
thereby determining that said writ should issue.   Numerous
questions are involved by said appeal, but, in view of the

disposition made hereof by the court, it is only necessary to consider one proposition of law.

The respondent, Bob Wagner, was summarily proceeded against and fined for direct contempt of court, without a written accusation having been preferred against him, and without a trial by jury, although a jury trial was demanded by him. It is contended in his behalf that this is a case, if a case of contempt at all, of indirect contempt, and that the court erred in proceeding against him summarily without a written accusation, and in denying him a trial by jury.

Section 25, article 2, of the Constitution, provides:

"The Legislature shall pass laws defining contempts and regulating the proceedings and punishment in matters of contempt: Provided, that any person accused of violating or disobeying, when not in the presence or hearing of the court, or judge sitting as such, any order of injunction, or restraint, made or entered by any court or judge of the state shall, before penalty or punishment is imposed, be entitled to a trial by jury as to the guilt or innocence of the accused. In no case shall a penalty or punishment be imposed for contempt, until an opportunity to be heard is given."

Section 2277, Rev. Laws 1910, provides:

"Contempts of court shall be divided into direct and indirect contempts. Direct contempts shall consist of disorderly or insolent behavior committed during the session of the court and in its immediate view and presence, and of the unlawful and willful refusal of any person to be sworn as a witness, and the refusal to answer any legal or proper question; and any breach of the peace, noise or disturbance so near to it as to interrupt its proceedings, shall be deemed direct contempt of court, and may be summarily punished as hereinafter provided for. Indirect contempts of court shall consist of willful disobedience of

any process or order lawfully issued or made by court; resistance willfully offered by any person to the execution of a lawful order or process of a court."

Section 2279, *Id.,* provides:

"In all cases of indirect contempt the party charged with contempt shall be notified in writing of the accusation and have a reasonable time for defense; and the party so charged shall, upon demand, have a trial by jury."

In this proceeding, evidence was heard as to the power of the sheriff at the time of and subsequent to, the service of the writ of *habeas corpus* upon him, to produce the body of the petitioner in court as required by the writ. This is not a case where the court had knowledge of the power of the sheriff to produce the body of the prisoner, but it was necessary for the court to hear evidence before a determination of that fact could be ascertained. In no sense, then, could this be considered a contempt committed in the immediate view and presence of the court. Under the definition of direct and indirect contempts of court contained in section 2277, *supra,* if the sheriff was guilty of contempt in this instance, it was of an indirect contempt of court, and under the Constitution and statutes aforesaid, before being proceeded against, there should have been an accusation in writing filed against him, and upon demand he should have been granted a trial by jury. The failure to proceed against him according to law was erroneous, and the judgment rendered is null and void and the plaintiff in error is entitled to a reversal of the judgment and to be discharged.

For the reasons stated, the judgment is reversed, and the respondent (plaintiff in error) is ordered discharged.