## PHILLIPS v. STATE.

No. 7676—Opinion Filed March 9, 1920.

(Syllabus by the Court.)

**Contempt—Right to Jury Trial—Indirect Contempt.**

Where a party is charged with indirect contempt of any process or order lawfully issued or made by any court in this state, upon demand therefor, he is entitled to have a jury pass upon the question of his guilt or innocence before penalty or punishment can be imposed.

Error from County court, Canadian county; W. A. Maurer, Special Judge.

Clayton Phillips was adjudged guilty of indirect contempt in the county court of Canadian county, and appeals. Reversed.

W. C. Hall, Asst. Atty. Gen., for the State, J. I. Phelps, for plaintiff in error.

PITCHFORD, J. In this case, Clayton Phillips, plaintiff in error, was adjudged guilty of contempt of the county court of Canadian county, Oklahoma, from which judgment he prosecutes this appeal. The facts out of which the proceedings grew are substantially as follows:

Clayton Phillips was found guilty of bastardy in the county court of Canadian county and was ordered to pay a certain sum or sums of money for the support of his illegitimate child, failing in which an attachment for contempt was issued for him. Being brought into court, he demanded a trial by a jury. The application for a trial by jury was denied. The court thereupon proceeded to hear evidence, the defendant (plaintiff in error) refusing to participate in the trial.

After hearing the evidence, the court proceeded to fine the defendant (plaintiff in error). There are several assignments of error. We deem it unnecessary, however, to notice any assignment except the 7th, which is as follows: That the court erred in refusing plaintiff in error's application for a jury trial.

Our statutes, section 2277, Rev. Laws 1910, define direct and indirect contempt as follows:

"Contempts of court shall be divided into direct and indirect contempts. Direct contempts shall consist of disorderly or insolent behavior committed during the session of the court and in its immediate view and presence, and of the unlawful and willful refusal of any person to be sworn as a witness, and the refusal to answer any legal or proper question; and any breach of the peace, noise or disturbance so near to it as to interrupt its proceedings shall be deemed direct contempt of court, and may be summarily punished as hereinafter provided for. Indirect contempt of court shall consist of willful disobedience of any process or order lawfully issued or made by court; resistance willfully offered by any person to the execution of a lawful order or process of a court."

In the case of Farmers State Bank of Texhoma v. State, 13 Okla. Cr. 283, 164 Pac. 132, it was held that:

"A party charged with indirect contempt is entitled to have a jury pass upon the question of his guilt or innocence, before penalty or punishment is imposed."

In ex parte Nichols (In re Wagner, Sheriff) 16 Okla. Cr. —, 181 Pac. 518, it was held:

"Any willful disobedience of any process or order lawfully issued or made by any court in this state, not committed in the immediate view and presence of the court, is an indirect contempt of court. In such cases the contemnor must be proceeded against by a written accusation, and upon demand shall be granted a trial by jury."

See section 2279, Rev. Laws 1910, and section 25, article 2, Constitution of Oklahoma.

The Attorney General concedes that the judgment of the lower court is erroneous and should be reversed. The authorities in this jurisdiction are uniform in holding that a person charged with disobedience of an order of the court, amounting to an indirect contempt, is entitled to a trial by jury if he demands it. This right is safeguarded both in the statutes and in the Constitution.

The judgment of the trial court is reversed and remanded, with instructions to grant defendant's request for a trial by jury in the retrial of the case.

OWEN, C. J., and RAINEY, JOHNSON, BAILEY, and HIGGINS, JJ., concur.