## BLANCHARD v. BRYAN et al.

No. 12074—Opinion Filed July 12, 1921.

Rehearing Denied Aug. 31, 1921.

(Syllabus.)

1. **Injunction — Indirect Contempt—Violation of Injunction Affecting Private Rights.**

Where a complaint charges a person with the violation of an injunction or restraining order made by a court or judge of this state, which injunction order was issued either for the protection of, or enforcement of a private right, and the violation of such order was not committed in the presence of the court, such a complaint charges an indirect contempt, and not a direct contempt.

2. **Jury—Jury Trial— Constitutional Right —Indirect Contempt.**

Under section 25, art. 2, Constitution of Oklahoma, a person charged with an indirect contempt shall, upon demand, and before penalty or punishment is imposed, be entitled to a trial by jury as to the guilt or innocence of the accused.

3. **Habeas Corpus — Indirect Contempt — Refusal of Jury Trial — Invalidity of Orders.**

When a person is charged with an indirect contempt and has demanded a jury trial and such demand has been refused by the trial court, any order made by such trial court adjudging the accused guilty of contempt or attempting to commit him to jail or which imposes any other penalty, is void.

4. **Habeas Corpus—Scope of Inquiry.**

The inquiry of the state Supreme Court on writ of habeas corpus is not limited to a consideration of the question of jurisdiction of the person and the subject-matter, but the jurisdiction of the court to render the particular judgment or issue the process is a proper subject of inquiry.

Original proceedings in habeas corpus. Writ allowed.

Biddison & Campbell, for petitioner.

Louis W. Pratt, for respondents.

MILLER, J. This is an original proceeding in habeas corpus instituted in this court by E. F. Blanchard, who alleges that he is unlawfully, illegally, and wrongfully restrained of his liberty by William McCullough, sheriff of Tulsa county, Oklahoma, and is confined in the common jail of said Tulsa county on account of proceedings had in a certain action pending in the district court of Tulsa county, being No. 12995, entitled J. W. Bryan and M. E. Bryan v. The Park Addition Company.

This proceeding was by proper orders of this court referred to Hon. Paul A. Walker, one of the referees of this court, to hear the testimony, make his findings of fact and conclusions of law thereon and report the same to this court. There was also filed in this court a companion case, No. 12075. In re W. A. Corbett, Petitioner, against the same respondents. The two cases were submitted to the referee on the same testimony. The referee has filed his report herein and in his findings of fact he makes a complete statement of the case, which is as follows:

"Findings of Fact.

"1. The referee finds that the action in which the orders were made, under which each of the defendants was restrained of his liberty at the commencement of these proceedings, was originally commenced in the district court in and for Tulsa county, Oklahoma. by J. W. Bryan and M. E. Bryan as plaintiffs, against the Park Addition Company, a corporation, defendants, and there numbered 12995. and that said action was commenced on the 14th day of December, 1920. Petitioner E. F. Blanchard was president at all times of the defendant corporation. Petitioner W. A. Corbett was not at any time a party to said action.

"2. The referee finds that on said 14th day of December, 1920, there was made in said action of J. W. Bryan and M. E. Bryan, Plaintiffs, v. Park Addition Company, Defendant, No. 12995, in the district court of

Tulsa county, by the Honorable Redmond S. Cole, Judge of said court, in open court, the following order:

" 'Now, on this 14th day of December, 1920, this cause coming on to be heard upon the application of plaintiffs for a temporary restraining order, upon the verified petition of plaintiff, and for the assignment of the application of plaintiff, a temporary injunction, for hearing upon a day certain, and it appearing to the court that defendant, its officers, agents, servants, attorneys, and employes, threatened and proposed to wrongfully declare and enforce a forfeiture and cancellation of a certain lease between defendant and Electric Park Amusement Company, upon and covering a parcel or tract of land in Park addition to the town of Red Fork, Tulsa county, Oklahoma, known as Electric Park, near the right of way of the Oklahoma Union Railway Company's right of way, and to commence an action for the purpose of procuring possession thereof, in alleged violation of the rights of plaintiffs, and the court being advised in the premises, finds that its restraining order should issue herein as prayed for, and that a day be assigned whereupon plaintiffs' application for a temporary injunction may be heard.

" 'It Is Therefore Ordered, that the application of plaintiffs for a temporary injunction in this cause, be, and the same is hereby assigned and set for hearing upon the 27th day of December, 1920, at the hour of nine o'clock a. m., or as soon thereafter as the same may be heard by the court, and that pending said hearing, the defendant, its servants, agents, officers, attorneys and employes, be, and they and each of them are hereby restrained from in any manner and wise interfering with the possession of the land above described, from declaring and enforcing forfeiture of said lease, from taking possession of said land from Electric Park Amusement Company, its servants, agents, employes, or officers, from prosecuting and maintaining any suit or action respecting the possession of said land and property and improvements thereon, and from any manner interfering with the rights of plaintiffs therein and thereto.

" 'Done in open court this 14th day of December, 1920.'

"3.   The referee finds that on the 19th day of February, 1921, there was made by the district court of Tulsa county, by the Honorable A. C. Brewster, assigned judge to hold court in said district in the city of Tulsa, the following order:

" 'Now, on this 19th day of February, 1921, this cause duly coming on to be heard upon an application of the plaintiff J. W. Bryan, for an order of this court restraining the said defendant the Park Addition Company, from a violation of a restraining order heretofore issued by this court and now in force.

" 'And it appearing to the court's satisfaction that the said Park Addition Company has this day discontinued the service of electricity to the said Electric Park Amusement Company and that such act of the defendant is in violation of such restraining order heretofore granted and now in force.

" 'It is hereby ordered that the defendant be and is hereby ordered to forthwith restore the service of electricity to the said Electric Park Amusement Company's premises in compliance with the terms of the lease made by the said Park Addition Company to the Electric Park Amusement Company and that said defendant be restrained from failing to perform any act on its part to be performed under the terms of its lease and is hereby ordered to continue the service to the said Electric Park Amusement Company in the same manner as heretofore furnished by lessor in and under the terms of the said lease.

" 'Done in the open court this 19th day of February, 1921.'

"4.   The referee further finds that no other injunctional order was had in said action, nor was the property referred to in either of said injunctional orders taken into the custody of the court.

"5.   The referee finds that the order made by the Honorable A. C. Brewster on the 19th day of February, 1921, quoted herein, was supplemental to and interpretative of the order of December 14, 1920, made by the Honorable Redmond S. Cole, quoted herein, and was not intended as an injunction except in as it construed and interpreted the order of December 14, 1920, and that said order of February 19, 1921, was intended to be and remain in force as an interpretative order of the order of December 14, 1920, and to be governed by the conditions of said order of December 14, 1920, as to the time it should remain in effect.

"6.   The referee finds that by subsequent orders of the court, the said two orders before referred to, were continued and now remain in force as originally made, and that final hearing upon application for temporary injunction has not been had, and the referee further finds that each of said orders was served upon the defendant Park Addition Company shortly after being made by the court, by delivering copies thereof to its president, the petitioner, E. F. Blanchard.

"7.   The referee finds that the proceedings by which each of the petitioners were ultimately restrained of his liberty as complained of in the petition herein was instituted in said cause No. 12995 in the district court in the following manner: The said proceedings were instituted by the filing in said court of the following application for citation:

" 'In the District Court Within and For the County of Tulsa, State of Oklahoma. J W. Bryan and M. E. Bryan v. Park Addition Company, No. 12995. Application for Citation.

" 'The plaintiffs above named respectfully petition this honorable court that a citation or attachment be issued directing the defendant above named and E. F. Blanchard, president of defendant, to appear before this honorable court and show cause why said defendant and said E. F. Blanchard should not be punished for disobedience of a temporary restraining order issued in the above action on December 14, 1920, and a supplemental order of this court duly made on the 19th day of February, 1921, as a contempt of court; and that said defendant and E. F. Blanchard be required to immediately restore the electric lighting service as required by said order of February 19, 1921; and give security to obey the orders of this honorable court and in default thereof be committed to custody until the orders of this honorable court have been fully complied with or said defendant and E. F. Blanchard be otherwise legally discharged; and for such other and further relief as to the court may seem just and proper.

" 'This application is made upon and supported by the amended verified petition in this action and all other papers, documents and orders herein duly filed in the clerk's office of this court, and upon affidavits of J. W. Bryan and Louis W. Pratt, all duly subscribed and sworn to on this the 21st day of February, 1921, and hereto annexed and made a part hereof.

" 'J. W. Bryan and .M. E. Bryan, By Louis W. Pratt, Attorney for Plaintiffs.'

"There was attached to said application for citation and filed therewith two certain affidavits as follows:

" 'In the District Court Within and For the County of Tulsa, State of Oklahoma. J. W. Bryan and M. E. Bryan v. Park Addition Company, No. 12995, Affidavit. State of Oklahoma, County of Tulsa, ss.

" 'J. W. Bryan being first duly sworn, deposes and says: That about 4:30 o'clock on the afternoon of Saturday, February 19, 1921, one W. A. Corbett, an electrician in the employ of the Oklahoma Union Railway Company, came to the Electric Park Amusement Company's premises at Red Fork, Oklahoma, near Tulsa, Oklahoma, and disconnected the main feed wires by which electricity was and is furnished for the lighting of the leased premises referred to in a certain contract of lease made and entered into on the 29th day of June, 1920, by and between the Park Addition Company, defendant above named, and Park Amusement Company, as lessee, which said lease is set forth as Exhibit "C" and attached to and made

a part of the amended petition in the above entitled action;

" 'That on the 14th day of December, 1920, a temporary restraining order was issued in the above entitled action whereby the defendant, its servants, agents, officers, attorneys, and employes and each of them were restrained from in any manner and wise interfering with the possession of the said leased premises and from in any manner interfering with the rights of plaintiffs therein and thereto, which said restraining order was from time to time duly continued in force and is now in force until March the 7th, 1921, by order of Honorable Redmond S. Cole, District Judge, on the 7th day of February, 1921;

" 'That upon the affidavit of deponent and application to Honorable A. C. Brewster, Special Judge of the District Court, a further restraining order was duly entered upon the 19th day of February, 1921, a copy of which is hereto attached, whereby the defendant above named was ordered and directed to restore the lighting service to said leased premises forthwith, which said order was duly served upon the president of the defendant corporation on the evening of February 19, 1921, as appears from the return of the sheriff of Tulsa county, Oklahoma, duly filed in the clerk's office of this court;

" 'That on the 20th day of February, 1921, at about 3:30 o'clock p. m., the said W. A. Corbett came to the leased premises aforesaid and pulled the fuse plug from the transformer, thereby again cutting off the electricity for the lighting of the leased premises and concessions and amusements thereon placed in violation of said restraining orders, and upon the protest of this deponent said Corbett stated: "That I have had an order for sometime to cut these lights off"; and added, "We are tired of so much charity out here."

" 'That at about 7:30 p. m. on February 20, 1921, deponent succeeded in obtaining light for the leased premises by putting in light jumpers in place of fuse plugs which had been removed by said Corbett and thereby secured light for the said leased premises until about 9:30 o'clock on the same evening, when the electric current supplied by the city of Red Fork and Electric Park was cut off by some person or persons unknown to deponent. About an hour later the lights were restored to the city of Red Fork, but not to the leased premises known as the Electric Park Amusement Company's premises. J. W. Bryan.'

" 'Subscribed and sworn to before me this February 21, 1921.

" 'J. O. Chambers, Notary Public.

" 'My Commission ex. 10-2-1924.'

(Seal.)

" 'In the District Court Within and for the County of Tulsa, State of Oklahoma,

J. W. Bryan and M. E. Bryan v. Park Addition Company. No. 12995. Affidavit. State of Oklahoma, County of Tulsa, ss.

"'Louis W. Pratt, being duly sworn, deposes and says: That on the afternoon of February 20, 1921, deponent was informed by J. W. Bryan, plaintiff above named, that the electric current for the lighting of the leased premises known as Electric Park at Red Fork, Oklahoma, had again been cut off, whereupon this deponent called E. F. Blanchard, president of Park Addition Company, over the telephone and informed him of the fact and requested that said Blanchard to see that the provisions of his company's lease contract in reference to the lighting of said premises be complied with and that the order of the district court issued on the 19th day of February, 1921, be obeyed, in so far as said order directed that the electricity for lighting of said amusement park be forthwith restored; that the said Blanchard informed this deponent that a copy of said order of the district court had been served upon him on Saturday evening, February 19, 1921.

"'Louis W. Pratt.

"'Subscribed and sworn to before me this 19th day of February, 1921.

"'J. O. Chambers,
"'Notary Public.'

(Seal.)
"'My Com. Ex. 10-2-24.'

"Upon the filing of said application and the affidavits attached thereto there was issued out of said court the following citation:

"In the District Court Within and for said County of Tulsa, State of Oklahoma. J. W. Bryan and M. E. Bryan v. Park Addition Company, No. 12995. Citation. To the Defendant Park Addition Company and E. F. Blanchard:

"'Upon reading and filing of affidavits of J. W. Bryan and Louis W. Pratt, that defendant Park Addition Company and E. F. Blanchard, president of defendant, a corporation, have disobeyed the commands of a restraining order entered in the district court of the State of Oklahoma, on the 14th day of December, 1920, and a supplemental order restraining said defendant and requiring said defendant to restore certain electric service to Electric Park Amusement Company's premises, at Red Fork, Oklahoma, which said order was duly entered February 19, 1920, in the above entitled action:

"'It Is Ordered, that the said Park Addition Company, defendant, and E. F. Blanchard, president of said defendant, show cause before this court at 8:30 o'clock a. m., on the 23rd day of February, 1921, why defendant and said E. F. Blanchard should not be punished for a contempt of this court for such disobedience;

"'It is further ordered that this order be served on said defendant and said Blanchard by delivering a certified copy hereof with a copy of the aforesaid affidavits thereto attached at least two days before the date of hearing on said order to show cause.

"'Dated this the 21st day of February, 1921.

"'A. C. Brewster,
"'District Judge.'

"'State of Oklahoma, County of Tulsa, ss.

"'Received this writ this 21st day of February at _____ o'clock Feb. 21st-21 and served the same on Park Addition Company, defendant, by delivering a copy thereof with all the endorsements thereon, duly certified by me to be a true copy thereof to E. F. Blanchard at Tulsa county on the 21st day of February, 1921, he being the president of said defendant corporation at Tulsa county, Oklahoma, "no person being by said defendant corporation designated in said county upon whom summons can be served," and the president, chairman of the board of directors, or trustees, or other chief officer, cashier, treasurer, secretary or managing agent of said defendant corporation not being found in said county.

"'W. M. McCullough, Sheriff,
"'By Frank Wolf, Deputy.
"'Sheriff's Return.

"'State of Oklahoma, County of Tulsa, ss.

"'Received this writ 21st day of Feb. 1921, at _____ o'clock _____ m., and served the same upon the following persons, defendants within named, at the time following, towit:

"'E. F. Blanchard, 2-21-21.
by delivering to said defendant personally, in said county, a true and certified copy of the within summons, with all the endorsements thereof and upon.

"'Sheriff's Fees.

Service and return, first person_____$.50
Service and return, first person_____ .25
2 copies summons _____ .50
Mileage _____
Not Found _____
Total __ __ _____$1.25

"'W. M. McCullough, Sheriff,
"'By Frank Wolf, Deputy.

"'I, Frances Harvey, court clerk for Tulsa County, Oklahoma, hereby certify that the foregoing is a true, correct and full copy of the instruments herewith set out as appears of record in the district court of Tulsa county, Oklahoma, this 24 day of February, 1921.

"'Frances Harvey, Court Clerk.'

"There was attached to said citation when served the foregoing application for citation

and the attached affidavits and the same was served in the manner shown by the return of the officer as endorsed thereon.

"The referee finds that neither said citation nor any other order, notice, application for citation, or affidavit was ever served upon the petitioner, W. A. Corbett, but that his only knowledge of the proceedings was when he was called as a witness by the defendant in the action, and that he had no knowledge or notice that he had been, or was, being proceeded against as for contempt of court, until the court made the order by which he was restrained of his liberty as complained of herein.

"8. The referee finds that pursuant to said citation the defendant, Park Addition Company, and the petitioner, E. F. Blanchard, appeared before said court at the time and place mentioned in the said order of citation and there filed their certain response to said citation, which response sets up, among other things, the allegation that the act commanded by the court in its order by Judge Brewster of February 19, 1921, was not within the power of the Park Addition Company or the petitioner E. F. Blanchard to perform.

"9. The referee finds that at the time and place mentioned in the said citation and at the time of the filing of said response the court, the Honorable A. C. Brewster presiding, immediately proceeded, without the intervention of a jury, to the determination of the matters involved therein and that the evidence offered by the respondents herein was heard in said court, but that the petitioners were not permitted to introduce evidence as to their inability to comply with said order of February 19, 1921, or as to whether their alleged violation thereof was willful, and that when the court had terminated the hearing of the evidence it made the orders of commitment for the petitioners, which orders as duly certified by the clerk of said court constituted the respective commitments under which the petitioners were held in custody at the institution of these proceedings. This order of commitment was as follows:

" 'In the District Court Within and for Tulsa County, Oklahoma, J. W. Bryan and M. E. Bryan v. Park Addition Company, No. 12995, Order of Court Committing to Jail.

" 'Now on this 23rd day of February, 1921, the application of plaintiffs above named coming on to be heard, that the defendants above named and said E. F. Blanchard be punished for disobedience of a temporary restraining order issued herein on December 14, 1920, and a supplemental order of this court duly made and entered on the 19th day of February, 1921, as a contempt of court; and it appearing to the satisfaction of this court that the restraining orders above named have been violated by the defendant and by its president, E. F. Blanch-

ard, and by one W. A. Corbett by the cutting off of the electric lighting current from the premises known as the Electric Park at Red Fork, Tulsa county, Oklahoma, and by the failure of the defendant to restore the said electric lighting service in compliance with the order of this court, and the court having found the said E. F. Blanchard and W. A. Corbett to be guilty of contempt of court;

" 'It is therefore ordered, adjudged and decreed that the said E. F. Blanchard and W. A. Corbett are hereby ordered to be confined in the county jail of Tulsa county, Oklahoma, by the sheriff of said county, without bail, for ten (10) days and the defendant above named is hereby ordered and directed to immediately restore said electric lighting service and that the plaintiffs have their costs of this proceeding to be taxed by the clerk of this court.

" 'Dated this the 23rd day of February, 1921.

" 'A. C. Brewster, District Judge.'

"10. The referee finds that the foregoing constitute the record in the matter of the proceedings against these petitioners, and the commitments under which they were restrained of their liberty by the sheriff of Tulsa county, at the institution of these proceedings.

"11. The referee finds that a true copy of the lease involved in the litigation was introduced at the hearing before the referee and is to be found on pages 36 to 44, inclusive, of the transcript.

"12. The referee further finds that there is no allegation in any of the pleadings that the petitioner W. A. Corbett was at any time in the employ of the Park Addition Company or of the said E. F. Blanchard or that he was acting under direction or control of either of them, and the referee further finds that there is nothing in any affidavit or any order of the court or other paper on file in this proceeding to show that the said W. A. Corbett was either in the employ or acting under the direction or control of either the said Park Addition Company or E. F. Blanchard or that the said W. A. Corbett violated any order of the court of which he had notice."

We do not agree with the referee on finding of fact No. 5, that the injunctive order made on the 19th of February, 1921, by the Honorable A. C. Brewster was not intended as an injunction, except as it construed and interpreted the order of December 14, 1920. The injunction issued on February 19, 1921, was in the nature of a mandatory injunction. The object to be effected by this order was to compel the performance of an act, to wit, connecting up the electric lighting service. Finding No. 5 will be modified to conform to the views herein expressed. With this modification, we think the evidence

fully sustains the findings of fact, and such findings of fact are hereby approved and adopted as the facts in this case.

With these facts before us, is the petitioner, E. F. Blanchard, entitled to the writ of habeas corpus. We think he is.

The conclusions of law of the referee are in substance as follows: That it is unnecessary to construe, interpret, or consider the lease involved in the litigation in the case pending in the district court of Tulsa county. That the proceedings herein were for an indirect contempt or for acts alleged to be contemptuous, committed outside the presence of the court. That the proceedings were for a civil contempt, for the benefit of the Bryans, and not primarily for the vindication of the authority or dignity of the court. That persons charged with disobedience of an order of injunction amounting to an indirect contempt are entitled, upon demand, to a trial by jury, and that an order punishing for such indirect contempt without a trial by jury, where such trial had been demanded by the contemnor, is void. With these conclusions of law we agree.

Section 25, art. 2, Constitution, provides:

"The Legislature shall pass laws defining contempts and regulating the proceedings and punishment in matters of contempt: Provided, that any person accused of violating or disobeying, when not in the presence or hearing of the court, or judge sitting as such, any order of injunction, or restraint, made or entered by any court or judge of the state shall, before penalty or punishment is imposed, be entitled to a trial by jury as to the guilt or innocence of the accused. In no case shall a penalty or punishment be imposed for contempt, until an opportunity to be heard is given."

Pursuant to this section of the Constitution, the Legislature of Oklahoma passed certain laws defining contempt, and so far as applicable to the case are set forth in the Revised Laws of Oklahoma, 1910:

"Section 2277. Contempts of court shall be divided into direct and indirect contempts. Direct contempts shall consist of disorderly or insolent behavior committed during the session of the court and, in its immediate view and presence, and of the unlawful and willful refusal of any person to be sworn as a witness, and the refusal to answer any legal or proper question; and any breach of the peace, noise or disturbance so near to it as to interrupt its proceedings, shall be deemed direct contempt of court, and may be summarily punished as hereinafter provided for. Indirect contempts of court shall consist of willful disobedience of any process or order lawfully issued or made by court; resistance willfully offered by any

person to the execution of a lawful order or process of a court."

"Section 2279. In all cases of indirect contempt the party charged with contempt shall be notified in writing of the accusation and have a reasonable time for defense; and the party so charged shall, upon demand, have a trial by jury.

"Section 2280. Whenever a person shall be imprisoned for contempt the substance of the offense shall be set forth in the order for his confinement, and made a matter of record in the court."

Where the acts complained of were not committed in the presence of the court, and where it is necessary for the court to take testimony to determine what these alleged contemptuous acts were, the contempt, if any is committed, is an indirect contempt.

The proceedings herein are for civil contempt; that is, for the benefit of the complainants, or the parties alleged to be injured. They were not brought for the vindication of the authority or dignity of the court. A civil contempt is the willful violation of an order of the court, or judge thereof, by a person upon whom such order has been served or who has knowledge of such order, wherein he has been ordered to do or not to do something that is presumed to inure to the benefit of the opposite party in an action instituted for the purpose of protecting or enforcing private rights. The judgment imposed is for the purpose of coercing the performance of the act. The order or judgment in such a case is not in the nature of a punishment, but is coercive, to compel the contemnor to act in accordance with the order of the court. The term "civil" is used to denote the purpose sought to be accomplished. If the purpose sought is remedial and for the benefit of a party to the litigation, then it is civil. Ex parte Gudenoge, 2 Okla. Cr. 110, 118, 100 Pac. 39, 43; Flathers v. State, 7 Okla. Cr. 668, 125 Pac. 902.

The inquiry of the Supreme Court on a writ of habeas corpus is not limited to a consideration of the question of jurisdiction of the person and the subject-matter, but includes also the jurisdiction of the court to render the particular judgment or issue the process. 21 Cyc. 297; 12 C. J. 17; 12 R. C. L. 1211; Ex parte Comstock, 10 Okla. 299, 61 Pac. 921; In re Patswald, 5 Okla. 789, 50 Pac. 139; Ex parte Hightower, 13 Okla. Cr. 472, 165 Pac. 624; Ex parte Sullivan, 10 Okla. Cr. 465, 138 Pac. 815, Ann. Cas. 1916A, 719; Hovey v. Elliott, 145 N. Y. 126, 39 L. R. A. 449, 167 U. S. 409; note 16 L. R. A. (N. S.) 1063.

This being an indirect contempt, the provisions of the Constitution are plain, uncon-

ditional, and unequivocal; a person accused of an indirect contempt is guaranteed a trial by jury. E. F. Blanchard demanded a jury trial; the court in refusing it denied him a constitutional right. The judgment of the court and the order of commitment are void. Phillips v. State, 77 Okla. 276, 188 Pac. 332; Ex parte Nichols, 16 Okla. Cr. 159, 181 Pac. 518; Wood v. Wood, 70 Oklahoma, 174 Pac. 269; Farmers' State Bank v. State, 13 Okla. Cr. 283, 164 Pac. 132, L. R. A. 1917 E. 551; Ex parte Crouch, 63 Okla. 105, 162 Pac. 1084; McKee et al. v. deGraffenried, 33 Okla. 136, 124 Pac. 303; Ex parte Sullivan, 10 Okla. Cr. 465, 138 Pac. 815.

The referee has set out other conclusions of law, on some of which the respective parties have taken issue. Under the views already expressed, the relief asked for by the petitioners will have to be granted; therefore, it is unnecessary to enter into a discussion of any other questions raised. If any errors did occur, other than those we have already disposed of, they will probably not occur again.

The clerk of this court is hereby instructed to issue the writ of habeas corpus as prayed for by petitioner.

PITCHFORD, V. C. J., and McNEILL, ELTING, and NICHOLSON, JJ., concur.