## HENRY WOFFORD v. STATE.

No. A-5065. Opinion Filed Feb. 27, 1926.
(243 Pac. 988.)

T. H. Davidson, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

EDWARDS, J. For convenience and brevity, the plaintiff in error will be hereinafter referred to as defendant.

On the 25th day of October, the defendant was on trial in the district court of Muskogee county on a charge of felony. While the jurors were being examined on their voir dire, one of them, W. H. Wise, testified that just prior to the calling of the case for trial, and on that date, the defendant had approached him, stated that he was glad he was on the jury, and if called on his case and would stand by him or could do him any good, he would pay him, or take care of him, or words in substance to that effect. The judge thereupon dictated an order into the record reciting the facts and called upon the defendant to show cause why he should not be adjudged in contempt for attempting to bribe said juror. Objections were made to defendant being compelled to plead to the charge of contempt for the reason that the alleged facts did not constitute a contempt. This was overruled, and defendant entered his plea of not guilty, and by agreement the case was set down for trial on October 27th.

On the 27th the defendant was given leave to withdraw his plea of not guilty and to file motion to quash, which was granted, and the motion was then dictated into the record challenging the proceedings as being insufficient and challenging the order of the court made on the 25th as an insufficient accusation of the offense of indirect contempt. This was overruled. Thereupon the defendant filed a demurrer to the order challenging its sufficiency to give the court jurisdiction, which was also overruled. The county attorney then filed an affidavit setting out and suggesting the proceedings upon which contempt was predicated. Defendant requested 24 hours to plead to said affidavit and time to prepare his defense. This request was denied, and the case ordered to trial. Trial was had to a jury, which returned its verdict finding the defendant guilty of contempt. The court fixed the punishment at imprisonment for six months, a fine of $250 and costs.

Since the facts contained in the charge did not occur in the immediate view and presence of the court, the proceeding attempted to charge defendant was an indirect criminal contempt. It is necessary that a proceeding to punish for indirect criminal contempt under section 25, art. 2, of the Constitution, and sections 1697 and 1699, Comp. Stat. 1921, be instituted by affidavit, complaint, or information setting forth the facts upon which the charge is based. Where contempt is predicated on affidavit filed with the court or judge or oral testimony under oath given before the court, a statement of the charge in writing by the court or judge will suffice. Upon the filing of such affidavit, complaint, information, or statement, the accused shall be notified in writing of the accusation and shall have a reasonable time for defense, and upon demand shall have a trial by jury. Emery v. State, 29 Okla. Cr. 27, 232 P. 128; Cress v. State, 14 Okla. Cr. 521, 173 P.

854; Ex parte Ballew, 20 Okla. Cr. 105, 201 P. 525; Ex parte Nichols, 16 Okla. Cr. 159, 181 P. 518; Blanton v. State, 31 Okla. Cr. 419, 239 P. 698.

It appears from the record before us that the order of the court charging a contempt dictated into the record was not reduced to writing and filed until the time of the trial on October 27th. The affidavit filed by the county attorney, upon which the defendant was finally tried, was filed the same day and after the sufficiency of the order of the court had been challenged. The court was without jurisdiction to try accused as for an indirect contempt until there had been filed an affidavit, complaint, information, or statement in writing charging a contempt. After the filing of such charge, the accused was entitled to be notified in writing of such accusation and to have a reasonable time to prepare for his defense. We do not deem it necessary to again review the authorities at length. The denial of this statutory right was prejudicial error which requires a reversal. In the event said charge should again be tried, the affidavit should be amended to properly charge venue.

The case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.