Ex parte W. W. JENNINGS.

No. A-6588.   Opinion Filed Sept. 24, 1927.
(259 Pac. 600.)

Hardie & Grim, for petitioner.

Sigler & Jackson, for respondent.

DOYLE, P. J.   Petition for writ of habeas corpus filed in this court April 28, 1927, shows:   That petitioner, undersheriff of Cleveland county, received from Geo. P. Church, justice of the peace of Moore, in said county, a warrant for the arrest of Theo Torgerson, on a charge of driving on the public highway at a greater speed than 35 miles an hour.   On March 22, 1927, he arrested said Torgerson at Ardmore.   On the same day A. E. Walden, judge of the district court of Carter county, issued a writ of habeas corpus, directing petitioner to produce the body of said Torgerson before said court on April 4, 1927, and released said Torgerson on bail pending the hearing. That petitioner being advised by the county attorney of Cleveland county that said warrant was illegal, in that it did not run in the name of the state of Oklahoma, it would be useless to resist the granting of the writ.   On said return day the writ was allowed and the petitioner, Torgerson, discharged.   That on March 23, 1926, a warrant issued out of the county court of Cleveland county, based upon an information filed by the county attorney, commanding the arrest of said Theo Torgerson for the same offense; the case in the justice court having been previously dismissed by the said county attorney.   That said warrant was placed in the hands of this petitioner for service and he executed the same by arresting said Theo Torgerson on the 27th of April, 1927, on which date he executed an appearance bond to appear before the

county court of Cleveland county on the 11th day of July, 1927, and was discharged from custody. That on the 27th day of April, Sigler & Jackson filed an application in the district court of Carter county for an order to cite this petitioner for contempt in arresting said prisoner upon the same charge upon which he was discharged by writ of habeas corpus. A copy of said application is annexed to the petition.

Petitioner alleges that said restraint is illegal and unauthorized by reason of the foregoing facts, and for the further reason that the judge of said district court had no jurisdiction of the subject-matter of this petition, and was wholly without power to issue the order commanding the arrest of petitioner, and that the action by said judge in issuing said order was without authority of law and void.

On the return day the respondent filed answer, setting forth that immediately upon receiving the rule to show cause he complied with the order of the court and released the said W. W. Jennings on his own recognizance, and further answered that on the 28th day of April came on to be heard the citation for contempt against W. W. Jennings, and he, having pleaded not guilty, requested the court to give him five days in which to file a response, which was by the court granted and the case set for trial May 8th, and the court fixed the appearance bond in the sum of $500, and said Jennings was ordered to be held in custody by the sheriff until said bond was made and approved by the clerk of this court.

The application for order to cite for contempt, after reciting the foregoing facts, concludes as follows:

"That the said Jennings in so arresting the said petitioner violated the orders of the court and the said Jennings should be cited by the court to show cause why he should not be punished for contempt. The petitioner prays the court to make an order directing the said Jen-

nings to be arrested and held to answer the charge of contempt of the orders of this court, as hereinbefore set out. [Signed] Sigler & Jackson, Attorneys for Petitioner."

The case was submitted for decision upon the petition, the answer, and the return to the writ.

It is insisted by counsel for petitioner that the record shows want of jurisdiction to issue the citation which brought the petitioner before the court, because the facts stated in the application for the citation do not constitute a contempt of court, and that said application was not verified and no affidavit or statement under oath was made in support thereof.

In Emery v. State, 29 Okla. Cr. 29, 232 P. 128, we said:

"It is essential to the validity of proceedings in contempt, subjecting a party to a fine and imprisonment, that they show a case in point of jurisdiction within the provisions of the law by which such proceedings are authorized."

In Nichols v. State, 8 Okla. Cr. 550, 129 P. 673, we said:

"Criminal contempts are prosecuted to preserve the power and vindicate the dignity of the courts, and to punish the offender." By "the issuance of attachment or rule to show cause, a criminal action is commenced and the accused is entitled to all the constitutional guaranties in criminal prosecutions, as provided by section 20 of the Bill of Rights, Const. art. 2."

In Wofford v. State, 33 Okla. Cr. 288, 243 P. 988, it is held:

"Under Const. art. 2, § 25, and Comp. St. 1921, § 1699, a proceeding to punish for indirect contempt must be instituted by affidavit, complaint, or information, setting forth the facts, or by a statement of them in writing by the court or judge thereof. The accused must then be notified in writing of the accusation, and have a reas-

onable time for defense, and upon demand shall have a trial by jury."

It is the settled rule that there must be contempt in order to justify punishment for that offense. In our opinion, the facts stated in the application do not constitute a contempt of court.

The county attorney of Cleveland county was not precluded from dismissing the charge pending against Torgerson before the justice of the peace and thereafter filing an information in the county court against said Torgerson, and the service of the warrant of arrest by petitioner did not constitute a contempt of said district court.

An examination of the record discloses that, upon his second arrest in the city of Ardmore, said Torgerson asked the petitioner to take him before a magistrate in Carter county to be admitted to bail as provided by statute (section 2452, C. S. 1921) for his appearance before the county court of Cleveland county. There is no question about the fact that his request was granted and said Torgerson gave bail and was thereupon discharged.

On the record before us, and for the reason stated, we are of the opinion that said district court was without jurisdiction in the proceedings had in committing the petitioner. Accordingly the writ is allowed and the petitioner discharged.

EDWARDS and DAVENPORT, JJ., concur.