**Arthur Faye WHILLOCK, Appellant,**

v.

**Mackie Joe WHILLOCK, Appellee.**

No. 48351.

Supreme Court of Oklahoma.

April 20, 1976.

Rehearing Denied May 24, 1976.

Terry L. Meltzer, Tulsa, for appellant.

Morehead, Savage, O'Donnell, McNulty & Cleverdon, by C. B. Savage, Tulsa, for appellee.

BERRY, Justice.

This is an appeal by Arthur Faye Whillock, appellant, from judgment entered upon jury verdict finding him guilty of indirect contempt of court. Trial court sentenced him to serve one year in the Tulsa County jail.

The record shows on November 5, 1973, appellant and his wife Mackie Joe Whillock, appellee, were granted a divorce in District Court of Tulsa County, Oklahoma. The decree required appellant to pay alimony in monthly installments of $400.00 each. The decree made further provision that alimony payments would terminate on death or remarriage of appellee.

On May 31, 1974, appellant filed motion to terminate alimony payments on ground appellee had remarried. Hearing was held and trial court found that appellee had not remarried. Thus, appellant's motion to terminate alimony payments was denied. No appeal was taken from this ruling.

Thereafter, on September 25, 1974, appellee filed application for contempt citation alleging appellant had willfully refused to make alimony payments and was in arrears in sum of $1,080.00. Contempt citation was thereupon issued resulting in jury verdict and sentencing.

In this Court appellant first contends trial court erred in refusing to allow him to present the same evidence to jury that appellee had presented as to her remarriage.

21 O.S.1971 § 565, defines direct and indirect contempt. Indirect contempt is defined as:

"* * * Indirect contempts of court shall consist of wilful disobedience of any process or order lawfully issued or made by court; resistance wilfully offered by any person to the execution of a lawful order or process of a court."

21 O.S.1971 § 567, provides in part:

"In all cases of indirect contempt the party charged with contempt shall be notified in writing of the accusation and have a reasonable time for defense; and the party so charged shall, upon demand, have a trial by jury."

■ A civil contempt is the willful violation of an order to do something ordered by the court for the benefit of opposing party. *Blanchard v. Bryan*, 83 Okl. 33, 200 P. 444.

■ Section 565 above requires the order or process disobeyed to be lawful. The lawfulness of the order is determined by whether the court had jurisdiction to so act. *H. F. Wilcox Oil & Gas Co. v. Walker*, 169 Okl. 33, 35 P.2d 893.

■ Disobedience of an order made by a court within its jurisdiction and power is a contempt, although the order may be clearly erroneous, or was improvidently granted or irregularly obtained. *Ex parte Thompson*, 94 Okl.Cr. 344, 235 P.2d 955.

In instant action, trial court had proper jurisdiction to enter award for alimony payments. Likewise, trial court had proper jurisdiction to overrule appellant's motion to terminate alimony payments.

12 O.S.1971 § 1289 provides in part:

"* * * The Court shall also provide in the divorce decree that any such support payments shall terminate after remarriage of the recipient, unless the recipient can make a proper showing that said support is still needed and that circumstances have not rendered payment of the same inequitable; provided, however, that unless the recipient shall commence an action for such determination within ninety (90) days of the date of such remarriage, the Court shall, *upon proper application*, order the support judgment terminated and the lien thereof discharged." [emphasis supplied]

Appellant did not appeal from order of trial court overrruling his motion to terminate alimony payments. Instead, he ignored the order and refused to make alimony payments.

The proper manner for challenging correctness of an adverse ruling is by appeal and not by disobedience. See 17 Am.Jur.2d Contempt § 47 and 12 ALR2d 1107.

■ An order issued by a court with jurisdiction over the person and subject matter, as in case at bar, must be obeyed until said order is reversed, modified, or set aside by orderly and proper proceedings.

To allow an indirect contempt proceeding to result in a retrial of original controversy upon which court's order was based would encourage experimentation with disobedience. See *Maggio v. Zeitz,* 333 U.S. 56, 68 S.Ct. 401, 92 L.Ed. 476.

■ We, therefore, hold trial court, in the contempt proceeding, properly excluded appellant's evidence that appellee had remarried.

■ Appellant next contends evidence was insufficient to support judgment and sentence entered. Under this contention appellant cites *Hadley v. Hadley,* 129 Okl. 219, 280 P. 1097, wherein we held that failure to pay money pursuant to court order in divorce case does not constitute indirect contempt in absence of clear and convincing evidence of willful disobedience. Appellant asserts that evidence shows he paid $900.00 for his son's college expenses and appellee approved of this expenditure.

An examination of record reveals the only evidence offered to support this contention was appellant's testimony that "I am sure she wants me to help him with his schooling * * *" The evidence wholly fails to show appellee was in any manner advised that she would not receive her alimony payments if appellant paid their son's college expenses. Further, evidence wholly fails to show appellee waived her right to receive alimony payments in return for payment of their son's college expenses.

The fact remains appellant had $900.00 with which to make alimony payments pursuant to lawful order of court and he wholly failed to make such payments.

We conclude *Hadley v. Hadley,* supra, is not supportive of appellant's contention. Thus, we hold evidence was sufficient to support judgment and sentence entered.

Finally, appellant contends trial court erred in its instruction to jury concerning burden of proof.

The following instruction is complained of as error:

"You are instructed that if you find by a fair preponderance of the evidence, after taking into consideration all of the facts and circumstances in this case, that the Plaintiff, Arthur Faye Whillock has been willfully disobedient of the order of the Court made on November 5, 1973, then it will be your duty to find the Plaintiff guilty; if you do not so find, then it is your duty to return a verdict of not guilty."

Appellant cites *Clark v. Most Worshipful St. John's Grand Lodge of Ancient Free and Accepted Masons,* 198 Okl. 621, 181 P.2d 229, wherein we held that in an indirect case, prosecution must prove contemnor guilty of acts constituting contempt by clear and convincing evidence.

■ We agree that in an indirect contempt case, the contemnor must be proven guilty of acts constituting contempt by clear and convincing evidence. However, appellant overlooks *Morgan v. National Bank of Commerce,* 90 Okl. 280, 217 P. 388, wherein we held that where contemnor admits violation of an order of court, he has burden of excusing his acts.

■ In instant action, appellant admitted he had not made timely and proper alimony payments as ordered. Nothing in this ruling precludes appellant from again filing application to terminate alimony wherein change of circumstances or newly discovered evidence is alleged.

Judgment of trial court is, therefore, affirmed.

WILLIAMS, C. J., HODGES, V. C. J. and DAVISON, IRWIN, LAVENDER, BARNES and SIMMS, JJ., concur.

DOOLIN, J., dissents.