## JOHN A. BELL GRAND LODGE v. MOST WORSHIPFUL ST. JOHN'S GRAND LODGE.

No. 13454—Opinion Filed March 27, 1923.

(Syllabus.)

### Corporations — Unfair Imitations of Names —Injunction.

The plaintiff, a negro Masonic lodge, was incorporated in 1892 as The Most Worshipful St. John's Grand Lodge of Ancient, Free and Accepted Masons. The defendant was incorporated in 1922 under the name of The Hiram Grand Lodge No. 7, Ancient, Free and Accepted Masons of the State of Oklahoma, which name was later changed to The John A. Bell Grand Lodge, Colored Fraternal Organization, formerly The Hiram Grand Lodge No. 7, Ancient, Free and Accepted Masons of the State of Oklahoma. The defendant's lodges were held out to the public as Masonic lodges, and the membership thereof called themselves Masons. Held, that the facts show an assumption of the use of the distinctive portion of the name of the plaintiff organization by the defendant and constituted a violation of section 1478, Revised Laws 1910, and an injunction was properly granted by the trial court.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Injunction by the Most Worshipful St. John's Grand Lodge of Ancient, Free and Accepted Masons of the State of Oklahoma against John A. Bell Grand Lodge Colored

Fraternal Organization, formerly the Hiram Grand Lodge No. 7, Ancient, Free and Accepted Masons of the State of Oklahoma. Judgment for plaintiff, and defendant brings error. Affirmed.

Ames, Chambers, Lowe & Richardson and Wilkinson & Hudson, for plaintiff in error.

W. J. Hulsey and R. W. Higgins, for defendant in error.

COCHRAN, J. This action was commenced by the defendant in error, plaintiff below, to enjoin the plaintiff in error, defendant below, from using a name resembling the name of the plaintiff organization so nearly as to be a colorable imitation thereof, and also from wearing the badge, emblems, and insignia of the plaintiff. The plaintiff and defendant are each negro fraternal organizations incorporated under the laws of the state of Oklahoma, and, at the time the suit was filed, the defendant was incorporated under the name of The Hiram Grand Lodge No. 7, Ancient, Free and Accepted Masons of the State of Oklahoma, but before the case was tried an amendment to the charter was procured and the defendant is designated in such amendment as the John A. Bell Grand Lodge, Colored Fraternal Organization, formerly The Hiram Grand Lodge No. 7, Ancient, Free and Accepted Masons of the State of Oklahoma. The trial court found that the plaintiff was a charitable and fraternal association, incorporated under the laws of Oklahoma Territory November 17, 1892, and on August 11, 1911, amended articles of incorporation were issued to it by the state of Oklahoma, and, acting under such charter, it has subject to its jurisdiction 225 subordinate lodges of Masons and a membership of 6,000; that about January 1, 1922, under the direction of John A. Bell a resident of Michigan, certain local lodges were organized in the state of Oklahoma claiming to be Masonic lodges, and these lodges were organized into what purports to be a grand lodge of Masons, which procured a certificate of incorporation from the state of Oklahoma on January 19, 1922. The court further found that the name of the defendant at the time suit was commenced and the name as set forth in the amended charter so nearly resembles the name of the plaintiff as to be a colorable imitation thereof and calculated to deceive persons not members with respect to such **corporation; that defendant is using the** same badge and button as is used by the plaintiff, and that members of the defendant's association claim to be Masons.

Section 1478, Revised Laws 1910, provides:

"No person, society, association or corporation shall assume, adopt, or use the name of a benevolent humane, fraternal or charitable organization incorporated under the laws of this or any other state of the United States, or a name so nearly resembling the name of such incorporated organization as to be a colorable imitation thereof or calculated to deceive persons not members with respect to such corporation. In all cases where two or more of such societies, associations or corporations claim the right to the same name or to names substantially similar as above provided, the organization which was first organized and used the name and first became incorporated under the laws of the United States or of any state of the Union, shall be entitled in this state to the prior and exclusive use of such name, and the rights of such societies, associations, or corporations and of their individual members shall be fixed and determined accordingly."

Section 1479, Revised Laws 1910, provides:

"No person shall wear or exhibit the badge, button, emblem, decoration, insignia or charm or shall assume or use the name of any benevolent, humane, fraternal, or charitable corporation, incorporated under the laws of this or any other state or of the United States, or shall assume or claim to be a member thereof. * * *"

In the case of Benevolent & Protective Order of Elks v. Improved Benevolent & Protective Order of Elks of the World (N. Y.) 98 N. E. 756, it was insisted, just as in the case at bar, that the names of the parties did not have such similarity as to support the action, and the court in passing on that question used the following language:

"We think that the names are so similar as to be extremely likely to deceive, and that a limitation of the injunction in the manner suggested would not give the plaintiff the relief to which it is entitled. Indeed, the plaintiff's organization has become so well and widely known simply as Elks (as the trial court has found) that the assumption of a title containing that appellation by any other independent benevolent corporation or fraternal order would in and of itself convey the false impression that there was some connection between them. Therefore the learned judge at special term was right in enjoining the defendant from in any wise using the word 'Elk' or 'Elks' as part of its title or incorporation. The case would be quite different if the members of the defendant organization had ever been members of the plaintiff corporation and had seceded there-

from because of dissatisfaction with its methods of administration or for any other good and sufficient reason."

Although the defendant changed its name after this suit was filed, it held tenaciously to the word Mason by following the name "The John A. Bell Grand Lodge, Colored Fraternal Organization" with the words, "Formerly The Hiram Grand Lodge No. 7, Ancient, Free and Accepted Masons of the State of Oklahoma," and, under its charter, has as much right to use the latter part of its name as the first part. In addition to that, it appears conclusively, from the evidence, that the distinctive name by which the public generally knew the plaintiff was that of "Mason," and that the defendant contended its members were Masons, and, in fact, contended that it was the only negro Masonic lodge in the state operating under proper authority; that it procured its authority from Haiti, San Domingo, and Cuba, and that the plaintiff was operating without any Masonic authority whatever; that the members of the defendant organization claimed to be Masons, and the lodge held itself out to the public as a Masonic order. We think the trial court was correct in concluding that the distinctive word in the plaintiff's name was that of "Mason" and that the assumption of that name by the defendant was in violation of the statute, and that would be true even though the formal name under which the defendant was incorporated was not in conflict therewith. We are of the opinion that the findings of the trial court are supported by the evidence and that the conclusions of law based on the findings are correct.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and KANE, McNEILL, KENNAMER, NICHOLSON, and BRANSON, JJ., concur.