ST. JOSEPH'S GRAND LODGE, etc., v. MOST WORSHIPFUL ST. JOHN'S GRAND LODGE, etc., et al.

No. 31012. Nov. 16, 1943.

*143 P. 2d 119.*

B. C. Franklin, of Tulsa, and Ernest Richards, of Oklahoma City, for plaintiff in error.

Bruce & Rowan, of Oklahoma City, Amos T. Hall, of Tulsa, Cecil E. Robertson, of Muskogee, Hulsey & Hulsey, of McAlester, and James I. Phelps, of Oklahoma City, for defendant in error.

OSBORN, J. This action was instituted in the district court of Oklahoma county by The Most Worshipful St. John's Grand Lodge of Ancient, Free and Accepted Masons of the State of Oklahoma, hereinafter referred to as plaintiff, against St. Joseph's Grand Lodge, Ancient, Free and Accepted Masons, the Mt. Olive Grand Chapter Order Eastern Star of Oklahoma, and various individuals as officers and members of said organizations, hereinafter referred to as defendants, wherein plaintiff sought to enjoin defendants from using the name St. Joseph's Grand Lodge, Ancient, Free and Accepted Masons and Mt. Olive Grand Chapter

Order Eastern Star, or the name Mason or Masonic Order, or from using the badges, buttons, emblems, decorations, insignia, or charms commonly used by Masonic Orders, or from using any name so nearly resembling the plaintiff corporation as to be a colorable imitation thereof. Both organizations operate among the colored race in this state. Issues were joined and the cause was tried to the court. The court found that plaintiff had the "first, prior and exclusive right to operate as a Masonic Grand Lodge" in the State of Oklahoma, and granted the injunction in accordance with the prayer of the petition. The defendant has appealed to this court.

Plaintiff's history and its authority to operate as a Grand Lodge for colored Masons in Oklahoma is set out in its petition. It is alleged that on November 17, 1892, a certificate of incorporation was issued, under the laws of the Territory of Oklahoma, to a Grand Lodge operating under the name of Most Worshipful St. John's Grand Lodge, of Ancient, Free and Accepted Masons; that in the year 1901 there was organized a Grand Lodge of Masons for the jurisdiction of Indian Territory, and in 1905 the two Grand Lodges consolidated under the name of the plaintiff and, since said consolidation, has continuously operated in the State of Oklahoma under the name of plaintiff; that an amended certificate of incorporation was issued to it on August 24, 1911; that for nearly a half century next preceding the filing of the petition the plaintiff had continuously operated under its charter, and now has more than 60 subordinate lodges in the State of Oklahoma and has acquired a membership of many hundreds; that no other Masonic organization had been formed for the colored race in Indian Territory, Oklahoma Territory, or the State of Oklahoma.

It appears that defendants received a charter from the Secretary of State on July 9, 1935, to operate under the name of St. Joseph's Grand Lodge of Ancient, Free and Accepted Masons of the State of Oklahoma. It further appears that

one A. H. Goings, the Grand Master of the defendant organization, claimed to have a warrant of authority from a Grand Lodge in the State of Texas to organize Masonic Lodges and chapters of Eastern Star in the State of Oklahoma. Between the years 1935 and 1940, approximately 40 local lodges and chapters were organized by defendant throughout the state and the membership grew to more than 800.

The sole contention presented by plaintiff is, in effect, that, since it was first organized and incorporated within the State of Oklahoma, it has the exclusive right to operate as a Grand Lodge for colored Masons, and its contention in this respect is predicated wholly upon the express provisions of the statutes relating to benevolent and fraternal corporations.

The defendant contends that plaintiff having failed to prove a prior and exclusive right to use the words Mason, Masonic, et cetera, it was not entitled to injunctive relief, and its incorporation in this state prior to defendant's does not vest it with a prior and exclusive right to use said words. This contention is answered by the language of the statute.

18 O. S. 1941 § 584 provides:

"No person, society, association or corporation shall assume, adopt, or use the name of a benevolent, humane, fraternal or charitable organization, incorporated under the laws of this or of any other state or of the United States, or a name so nearly resembling the name of such incorporated organization as to be a colorable imitation thereof, or calculated to deceive persons not members, with respect to such corporation. In all cases where two or more of such societies, associations or corporations claim the right to the same name, or to names substantially similar as above provided, the organization which was first organized and used the name, and first became incorporated under the laws of the United States or of any state of the Union, shall be entitled in this state to the prior and exclusive use of such name, and the rights of such societies, associations or corporations, and

of their individual members shall be fixed and determined accordingly."

18 O. S. 1941 § 585 prohibits persons from wearing or exhibiting badges, buttons, emblems and insignia of any benevolent, humane, fraternal, or charitable corporation, incorporated under the laws of this state or any other state or of the United States, or who assumes to be a member thereof, the name of which shall so nearly resemble the name of any other corporation existing prior to the organization of the corporation of which such person may claim to be a member, where the name may be calculated to deceive the people with respect to such prior corporation, unless authorized under the laws, statutes, rules, and by-laws of such former corporation.

18 O. S. 1941 § 586 provides the remedy for actual or theatened violations of the two preceding sections, by injunction through the court having jurisdiction.

In the instant case such organization and violation of the statutes was proven and the trial court held that the above-quoted statutes operated to invest plaintiff with prior and exclusive right to operate in the State of Oklahoma as Masons or as a Masonic Grand Lodge of Ancient, Free and Accepted Masons. The defendant and all officers and persons acting as officers and members of St. Joseph's Grand Lodge A. F. & A. M. and its auxiliary, Mt. Olive Grand Chapter Order Eastern Star of Oklahoma, were forever erfjoined, restrained, and barred from operating and using the words Mason, Masons, Masonic Lodge, or Masonic Grand Lodge of Ancient, Free and Accepted Masons, and from wearing or exhibiting badges, insignia, emblems, charms, or any other terms, words, or badges, similar to those used by the plaintiff in the State of Oklahoma.

This statute has formerly been construed by this court in the case of John A. Bell Grand Lodge Colored Fraternal Organization v. Most Worshipful St. John's Grand Lodge A. F. & A. M. of Oklahoma, 89 Okla. 112, 214 P. 114, wherein the plaintiff herein was plain-

tiff. The trial court granted an injunction against the defendant, and this court held, in substance, on appeal that the facts showed an assumption of the use of the distinctive portion of the name of the plaintiff organization by the defendant and constituted a violation of section 1478, Rev. Laws 1910 § 9946, O. S. 1931, 18 O. S. 1941 § 584).

We think the holding in that case applies equally well in the instant case.

The defendants have cited no authority to sustain their contention. National Circle, Daughters of Isabella, v. National Order of Isabella, 270 Fed. 723, is cited in support of their contention, wherein that court said:

"Importance cannot be attached to the fact that the defendant was incorporated first. The mere incorporation of an organization under a particular name does not add anything to its rights to use the name as against another organization unincorporated and already using the same name or a similar name."

Therein the court merely held that where an unincorporated organization was first to be organized and operate in such manner, it was not deprived of continuing to use the name because a later organization was first to incorporate. The holding has no bearing upon the issues here involved. The plaintiff organization herein was both organized and incorporated long before the defendant organization.

In the case last cited, the court further held:

"The doctrine of estoppel by laches is not one which can be measured out in days and months as though it were a statute of limitations."

This answers the further contention of the defendant that "the plaintiff was guilty of inexcusable laches in the institution of this suit and is estopped to prosecute this action under the broad principle of equity."

The record shows that defendant's charter was granted July 9, 1935, and that its operation as a Masonic Lodge was first called to the attention of plaintiff on August 11, 1940, and the suit is shown to have been filed August 17, 1940.

Finding no error, the judgment of the trial court is affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. ARNOLD, J., absent.