MOST WORSHIPFUL ST. JOSEPH GRAND LODGE et al. v. MOST WORSHIPFUL ST. JOHN'S GRAND LODGE et al.

No. 31533. Oct. 17, 1944.

152 P. 2d 378.

Geo. C. Crump and H. W. Carver, both of Wewoka, for plaintiff in error.

Bruce & Rowan, of Oklahoma City, Amos T. Hall, of Tulsa, and Cecil E. Robertson, of Muskogee, for defendant in error.

BAYLESS, J. This is an appeal from the district court of Creek county by The Most Worshipful St. Joseph Grand Lodge, Ancient Free and Accepted Masons, Colored, and Mount Olive Grand Chapter, Order of the Eastern Star, Colored, and Daughters of the Sphinx, Colored, wherein it complains of a judgment of that court in favor of The Most Worshipful St. John's Grand Lodge, Ancient Free and Accepted Masons, Oklahoma Jurisdiction, finding that the latter, to be referred to as St. John's, had the prior and better and therefore exclusive right under our statutes, 18 O. S. 1941 § 584 et seq., to the use of the names, the practices, the teaching and the perpetuating of the doctrines and practices relating to Masonry among the colored race in Oklahoma, and perpetually enjoining the former, to be referred to as St. Joseph, from violating such rights.

The history of St. John's, as recited in John A. Bell et al. v. St. John's, 89 Okla. 112, 214 P. 114, and St. Joseph's et al. v. St. John's, 193 Okla. 283, 143 P. 2d 119, is again proved in the record in this case. Briefly, it shows the organization and incorporation of St.

John's in 1892 under our territorial laws and a continuous history since. This St. Joseph's is a different St. Joseph's to that involved in 193 Okla. 283, supra, but its history is about the same. It began its career in Oklahoma by incorporating under our laws, basing its fraternal right so to do upon a dispensation from a Supreme Council organized and existing in Texas.

There is no occasion to repeat again what we said and announced as the law applicable to these situations in the two decisions above cited. It is clear to us that our Legislature undertook to prevent competition and confusion and the other complexities and perplexities that follow the parallel courses of fraternal or benevolent organizations using the same or substantially similar names of common usage and holding themselves out to practice, teach, maintain and perpetuate the same generally understood principles relating to those esoteric subjects. For this reason the decisions from other jurisdictions undertaking to say there is no pre-emption in general law based upon priority of organization and use have no application here nor persuasive force. The issues disposed of by the Supreme Court of the United States in Cresswell v. Grand Lodge, 225 U. S. 246, 56 L. Ed. 1074, relating to rights under federal incorporation and the application thereto of general legal principles as contradistinguished from statutory law, likewise have no controlling force in this case.

What was said in St. Joseph's v. St. John's, supra, relating to laches governs here. In addition to holding that laches is a doctrine not adaptable to measurement in precise years, months and days, we must observe that there is missing the element of misleading. St. Joseph's has not undertaken to show that it began its career or continued it under any misleading or misapprehension of St. John's words or conduct.

The judgment appealed from is affirmed.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, WELCH, HURST, and DAVISON, JJ., concur. ARNOLD, J., not participating.