CLARK et al. v. MOST WORSHIPFUL ST. JOHN'S GRAND LODGE of ANCIENT FREE and ACCEPTED MASONS.

No. 32573. March 18, 1947.

Rehearing Denied May 27, 1947.

*181 P. 2d 229.*

J. B. Champion and Wilson Wallace, both of Ardmore, for plaintiffs in error.

Bruce & Rowan, of Oklahoma City, and Amos T. Hall, of Tulsa, for defendants in error.

PER CURIAM. This is an appeal by L. C. Clark, Mrs. L. C. Clark, Polly Ann Spencer, and Aaron Jackson from a judgment of the district court of Creek county adjudging them guilty of contempt of court.

It appears that on the 9th day of March, 1943, the Most Worshipful St. John's Grand Lodge, Ancient, Free and Accepted Masons obtained a judgment perpetually enjoining the Most Worshipful St. Joseph Grand Lodge, Ancient Free and Accepted Masons, Colored, and Mount Olive Grand Chapter, Order of the Eastern Star, Colored, and Daughters of the Sphinx, Colored, enjoining them, their officers, agents, servants, members and all persons acting under and through them from operating as a Grand Lodge of Masons, from organizing subordinate lodges, from using the descriptive name, Masons, Masonic Lodge or Masonic Grand Lodge, from wearing and exhibiting the badges, emblems and insignia similar to those used by plaintiff; and from using a name or names so nearly resembling the name of plaintiff as to be a colorable imitation thereof and calculated to deceive the public. The judgment granting the injunction was affirmed by this court on appeal. Most Worshipful St. Joseph Grand Lodge et al. v. Most Worshipful St. John's Grand Lodge et al., 194 Okla. 434, 152 P. 2d 378. The defendants herein were not, however, per-

sonally made parties to the injunction proceeding nor are they personally mentioned or enjoined in the judgment.

Plaintiff in the injunction suit on the 11th day of May, 1945, filed an application against the defendants for citation for contempt. The application, after alleging the granting of the permanent injunction above set forth and reciting the terms thereof, further states that defendants at the time the injunction was granted were officers and members and agents of the St. Joseph Grand Lodge and were also members of subordinate lodges organized under its jurisdiction. It is also alleged that after the granting of the injunction defendants continued to do the things they were enjoined from doing by the judgment granting the injunction. The application further states:

"Plaintiff further states that the said defendants in order to evade the terms and provisions the force and effect of the said permanent injunction have organized another Grand Lodge and other lodges, and are holding themselves out as a Grand Lodge, subordinate lodges, officers and representatives of the Masonic order; that the renaming of the Grand Lodge was a mere subterfuge to evade the force and effect of the solemn judgment of the court and the said personal defendants are the same persons who were officers and representatives of the enjoined society."

Upon this application a citation was issued and served upon each of the defendants.

Defendants in answer to the citation generally and specially denied all the allegations contained in the application and demanded a jury trial. This request was granted and the case tried to a jury, resulting in a verdict finding defendants guilty of contempt as charged. Judgment was rendered upon the verdict assessing a fine against defendant L. C. Clark in the sum of $200, and a fine of $100 against each of the other defendants.

Defendants first contend that since they were not personally made parties defendant to the injunction proceeding and were not personally named in the judgment granting the injunction, they cannot be held in contempt of court although they violated the terms of the injunction. This conclusion does not necessarily follow. The judgment enjoined the officers, agents, servants and members of the St. Joseph Grand Lodge and the Mount Olive Grand Chapter and members and subordinate lodges from doing the things therein mentioned as well as the lodges themselves. The lodges could only act by and through their officers, members and agents. If, therefore, defendants as officers, members or agents of defendant lodges, with knowledge that an injunction had been granted and the conditions thereof, wilfully violated its terms they may be held in contempt of court to the same extent as though they had been personally named in the injunction proceeding. In vol. 17, C.J.S. p. 47, § 33, it is said:

"All persons who interfere with the proper exercise of a court's judicial functions, whether parties or strangers are punishable for contempt. Accordingly, one participating in the commission of acts constituting a contempt, or who conspires with others to commit such acts, or who procures the commission by another of such an act, is also guilty of contempt. . . .

" . . . Strangers who have knowledge of an injunction, and who are the servants or agents of the person against whom it s directed, or who act in collusion or combination with the party enjoined, are punishable for contempt of the injunction."

At page 49, section 34, it is stated:

"It is usual, in an order directed against the corporation, to lay the restraint or command, not only on the corporation itself, but also on its officers, agents, and servants, so that in the case of its violation not only the corporation itself is amenable to punishment, but also its officers, agents, and servants, whether parties to the proceeding or not, provided they have knowledge of the terms of the order and disobey it wilfully. Even though

a judgment decree, or order is addressed to the corporation only, the officers, as well as the corporation itself, may be punished for contempt for disobedience to its terms, at least if they knowingly disobey the court's mandate, since a lawful judicial command to a corporation is in effect a command to the officers."

In vol. 15 A.L.R. p. 387, the author says:

"The general rule is that one who violates an injunction is guilty of contempt, although he is not a party to the injunction suit, if he has notice or knowledge of the injunction order, and is within the class of persons whose conduct is intended to be restrained, or acts in concert with such a person."

The authorities appearing in the annotations amply support the above statement.

Defendants further contend that they should have been discharged for the reason that after the injunction was granted the lodges did not operate under the name of St. Joseph Grand Lodge or Mount Olive Grand Chapter. The evidence shows that after the judgment granting the injunction was affirmed by this court the use of the names St. Joseph Grand Lodge and Mount Olive Chapter was discontinued; that the lodges were reorganized and that new charters were procured and taken in the names of Mount Mariah Grand Lodge and Queen Esther Chapter and that in some instances the names and number of subordinate lodges were changed. The evidence is undisputed that while defendants changed the names of their lodges they continued to operate as before; that they continued to teach the same principles of Masonry; that the new organizations consisted of substantially the same members; they continued to use the descriptive name Mason and Masonic Lodge; they kept using the same signs, grips, insignia and equipment and continued to operate in the same manner as they did prior to the granting of the injunction. The only change made by the lodges in reorganization was to change the names under which they conducted the various lodges. Defendants assert that since the evidence discloses that after the granting of the injunction they no longer operated under the names of St. Joseph Grand Lodge and Mount Olive Grand Chapter, but operated under entirely different names, it cannot be said that they have violated any terms of the injunction. This contention cannot be sustained. Defendants could not avoid or escape the force and effect of the injunction by merely changing the names of the organizations. John A. Bell Grand Lodge, Colored Fraternal Organizations, v. Most Worshipful St. John's Grand Lodge A. F. & A. M. of Okla., 89 Okla. 112, 214 P. 114.

Defendants further contend that the judgment convicting them of contempt cannot be sustained for the reason that the evidence fails to show that they personally had notice or knowledge of the granting of the injunction or the terms and conditions thereof and that the evidence also fails to show that they personally violated its terms. This contention we think well taken as to the defendants Polly Ann Spencer and Turner Spencer. The evidence fails to show that either of these defendants were present when the injunction suit was tried or that they had any notice or knowledge of the granting of the injunction; nor does the evidence show the defendant Polly Ann Spencer in any manner violated the terms and conditions of the injunction. The evidence affirmatively shows that defendant Turner Spencer was neither an officer nor member of St. Joseph Grand Lodge at the time the injunction was granted. He was, however, at that time a member and took active part in his local lodge. He testified that he was not present at the time the injunction suit was tried and that he had no notice or knowledge that an injunction had ever been granted. There is no evidence to the contrary. There is a total lack of evidence to sustain the judgment as against these defendants. As to the other defendants, their guilt is established by

their own evidence. They admitted that they were present in court at the time the injunction was granted and the evidence is sufficient to sustain a finding that they were familiar with the terms and conditions thereof. They further admitted that after the injunction was granted they discarded the use of the names St. Joseph Grand Lodge and Mount Olive Grand Chapter; that they thereafter reorganized and took out new charters in the names of Mount Mariah Grand Lodge and Queen Esther Chapter. They also admitted that they thereafter continued to operate as before and as heretofore stated in the opinion. Defendant L. C. Clark admitted that he was Grand Master of St. Joseph Grand Lodge; that he verified the answer in the injunction proceedings; that he was present at the time of the trial of the injunction suit, knew that an injunction had been granted and knew the terms and conditions thereof. He further testified that upon reorganization of the lodge he became Grand Master of Mount Mariah Grand Lodge.

Defendant Aaron Jackson admitted that he was Deputy Grand Master of the St. Joseph Grand Lodge at the time the injunction was granted; that upon the reorganization he remained a member of the Mount Mariah Grand Lodge and thereafter actively participated in the conduct of the subordinate lodge of which he was a member and which was operated under the jurisdiction of the Mount Mariah Grand Lodge. He further testified that he was present in court at the time the injunction suit was tried and knew that the injunction had been granted.

Mrs. L. C. Clark in her testimony admitted that she was Grand Chaplain of the Mount Olive Chapter at the time the injunction was granted; that upon reorganization she became Grand Matron of the Queen Esther Chapter and that she thereafter actively participated in the operation thereof; that she was present when the injunction suit was tried and she knew that the injunction had been granted.

We think the evidence clearly establishes that these defendants as officers of their various lodges had notice and knowledge of the granting of the injunction and knew the terms and conditions thereof and wilfully violated its terms and are therefore guilty of contempt of court.

Defendants further contend that the court committed error in failing to charge the jury that before they could convict the defendants they must be satisfied of their guilt beyond a reasonable doubt. They cite authorities which they assert support this contention. This rule, however, applies only to contempts which are classified as criminal. Vol. 17 C.J.S. p. 113. The rule has no application to civil contempts. In vol. 17 C.J.S. p. 114 it is said:

"In cases of civil contempt it has been held that the proof need not be beyond a reasonable doubt; and, while a preponderance of the evidence, as in other civil cases, has been held sufficient, there is authority to the effect that a bare preponderance is not enough."

In the case of Morgan v. National Bank of Commerce of Shawnee, 90 Okla. 280, 217 P. 388, we said:

"In the trial of the accused for indirect contempt in a proceeding civil in its nature, the prosecution must prove the contemnor guilty of the acts constituting the contempt by clear and convincing evidence."

The present proceeding was brought to enforce and protect private rights, not to vindicate the dignity of the court, and is civil in nature and is governed by rules pertaining to civil causes.

Since we conclude that the contempt charged in the instant case is a civil contempt, the trial court committed no error in failing to charge the jury that defendants could not be convicted unless their guilt be established beyond a reasonable doubt.

The trial court at the request of defendants instructed the jury that the burden of proof was upon plaintiffs to

establish the guilt of the defendants by clear and convincing evidence. In instruction No. 4, however, the court also charged the jury that it would be their duty to convict the defendants if their guilt was established by a preponderance of the evidence. Defendants have excepted to and criticized this instruction. While the instructions appear somewhat contradictory in this respect, since, however, as heretofore stated, defendants Clark, Mrs. Clark, and Aaron Jackson are guilty under their own evidence, the judgment will not be reversed because of this contradiction in the instruction.

Defendants also criticize instruction No. 3. It is contended that the court in this instruction unduly comments upon the weight of the evidence and places undue emphasis on certain portions thereof. We have carefully examined this instruction and reach the conclusion that it is not subject to such criticism. The court committed no error in giving this instruction.

Pecola McCloud also appears as a party appellant on the briefs of the parties. The record shows that he was made a party defendant in the contempt proceeding and was also found guilty. The record further discloses, however, that he has not appealed from the judgment and sentence against him. He was not made a party to the motion for new trial; he filed no supersedeas bond; he is not mentioned as party appellant in the petition in error. We cannot, therefore, review the judgment as against him.

The judgment is affirmed as to the defendants L. C. Clark, Mrs. L. C. Clark, and Aaron Jackson and reversed as to defendants Polly Ann Spencer and Turner Spencer and the cause remanded as to them with directions that they be discharged.

HURST, C.J., DAVISON, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and GIBSON, JJ., concur.